FILED
2016 Aug-19  PM 02:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| SCOTTIE O'KEITH BRASFIELD, <br><br> Plaintiff, <br><br> vs. <br><br> APPLE, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) )     7:16-cv-01058-LSC |

### Memorandum of Opinion

Plaintiff Scottie O'Keith Brasfield ("Brasfield") filed this action against Apple, Google Play, and Amazon[1] (collectively "Defendants"), alleging what appears to be a claim for either fraud, misrepresentation, or breach of contract. Before the Court is Apple's Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. (Doc. 2.) This Court entered an order on July 27, 2016, allowing Brasfield an additional fourteen (14) days to respond to the motion (Doc. 9), but Brasfield filed no response. For the reasons stated below, Apple's motion (Doc. 2) is due to be granted.

---

[1] It appears from the record that Defendants Google Play and Amazon were never served in the action.

I.  **BACKGROUND**[2]

Brasfield seeks payment of $13 billion dollars from Defendants, alleging that he is entitled to that money for work he performed for Defendants. Specifically, Brasfield's allegations, in their entirety, state as follows:

> I studied and completed a website development course for Apple, Google Play, and Amazon. I did receive an app to submit online and, I received a[n] electronic check for 13 billion dollars [$]13,000,000,000.00. I was told to deposit the check by Apple. When I attempted to deposit the check I was told that it had no routing number by the bank. I did not receive funds. I would like to receive funds for being an Apple developer in the amount of the check that I received, thirteen billion dollars, $13,000,000,000.00 and all other funds that I am [e]ntitled to.

(Doc. 1-1 at 6.) Brasfield alleged no further facts and did not attach any documents to his complaint.

II.  **STANDARD OF REVIEW**

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the facts alleged in the complaint must be specific enough that the claim raised is "plausible." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[2] In ruling on Apple's motion to dismiss under Rule 12(b)(6), this Court must accept all facts in Brasfield's complaint as true and construe them in his favor. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (quoting *Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012)).

accepted as true, to state a claim for relief that is *plausible on its face*." (emphasis added) (internal quotations omitted)). A claim for relief is plausible on its face when the complaint's "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Conclusory statements of law may "provide the framework of a complaint," but the plaintiff is required to support them with "factual allegations." *Iqbal*, 556 U.S. at 679.

The process for evaluating the sufficiency of a complaint has two steps. This Court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Conclusory statements and recitations of a claim's elements are thus disregarded for purposes of determining whether a plaintiff is entitled to survive a motion to dismiss. *See Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 687). Next, this Court "assume[s] [the] veracity" of "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A complaint's factual matter need not be detailed, but it "must . . . raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In reviewing the complaint, this Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Nonetheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable." *Twombly*, 550 U.S. at 556. Generally, this Court considers only "the face of the complaint and attachments thereto" in order to determine whether the plaintiff states a claim for relief. *Starship Enters. of Atlanta, Inc. v. Coweta Cnty.*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013). Generally, the complaint should include "enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'" *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami, Fla.*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)). Moreover, Courts are to "give liberal construction to the pleadings of *pro se* litigants." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

### III. Discussion

If Brasfield is bringing a claim for fraud, then his complaint fails to meet Rule 8's pleading standards. The elements of fraud under § 6-5-100 of the Alabama Code are (1) a "false representation [usually] concerning an existing material fact," (2) the defendant knew that the representation was false when made or the defendant acted recklessly in making the representation, (3) the plaintiff was

deceived by and relied on the representation, (4) the plaintiff's reliance was justified, and (5) the reliance proximately caused the plaintiff to be damaged. *Patel v. Hanna*, 525 So. 2d 1359, 1360 (Ala. 1988).

Brasfield has perhaps alleged that Apple made a false representation by sending him a check for $13 billion, thus representing that the check would be honored when deposited at Brasfield's bank, and that representation was false because the check lacked the necessary routing number. However, Brasfield's complaint is bereft of any facts or allegations indicating that Brasfield was damaged by Apple's representation. Brasfield alleges that he was an Apple developer, but he does not allege that he performed any work for Apple. While Brasfield alleges that he *received* an "app" to submit online, he does not allege that he produced or designed any website or phone applications on Apple's behalf. Further, Brasfield fails to allege that after receiving the check and believing that he would receive the money he acted in any manner that resulted in damages. Thus, the complaint fails to state a claim for fraud.

Similarly, if Brasfield is bringing a claim for fraudulent misrepresentation, his complaint fails to sufficiently allege it. The elements of a fraudulent misrepresentation claim are (1) the existence of a false representation, (2) the representation concerned a material fact, (3) the plaintiff relied on the

representation, and (4) the representation proximately caused the plaintiff to be damaged. *See Billy Barnes Enters., Inc. v. Williams*, 982 So. 2d 494, 499 (Ala. 2007). For the same reasons Brasfield's complaint fails to state a claim for fraud because it lacks allegations of damages, the complaint also fails to state a claim for fraudulent misrepresentation.

Finally, Brasfield fails to state a claim for breach of contract. The elements of a breach of contract claim are (1) the existence of a valid, binding contract, (2) the plaintiff has performed under that contract, (3) the defendant has failed to perform, and (4) that nonperformance caused the plaintiff to incur damages. *See Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002). Brasfield's complaint fails to allege facts establishing the first element of a breach of contract claim—the existence of a valid, binding contract. "The basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement." *Merchants Bank v. Head*, 161 So. 3d 1151, 1155 (Ala. 2014). Here, assuming that Apple sent Brasfield the "app" he received to submit online contained information constituting an offer, and assuming that Brasfield submitted the "app" in a manner constituting acceptance of the offer, the complaint lacks any indication of consideration. As Alabama courts have stated,

> A test of good consideration for a contract is whether the promisee at the instance of the promisor has done, forborne or undertaken to do

>anything real, or whether he has suffered any detriment, or whether in return for the promise he has done something he was not bound to do, or has promised to do some act or to abstain from doing something.

*Id.* Brasfield's complaint lacks facts showing that in return for the check for $13 billion he suffered any detriment, did something he was not bound to do, or abstained from doing something he otherwise had a right to do. Without facts or allegations showing the existence of consideration, Brasfield's complaint fails to state a claim for breach of contract.[3] Because Brasfield's complaint fails to state a claim for fraud, fraudulent misrepresentation, or breach of contract, it is due to be dismissed.

Brasfield lists Google Play and Amazon as additional defendants in the action, but he makes no allegations against them in the text of his complaint. The complaint as against Google Play and Amazon is therefore due to be dismissed for failure to state a claim upon which relief can be granted.

## IV. Conclusion

For the reasons stated above, Apple's motion to dismiss for failure to state a claim upon which relief can be given (Doc. 2) is due to be granted and this case

---

[3] Further, even if a valid contract existed, Brasfield's complaint lacks allegations showing that Brasfield performed under the contract's terms. Without such allegations, the complaint fails to state a claim for breach of contract.

dismissed. A separate order consistent with this opinion will be entered contemporaneously herewith.

    **DONE** AND **ORDERED** ON AUGUST 19, 2016.

                                                  L. SCOTT COOGLER
                                    UNITED STATES DISTRICT JUDGE

                                                                        186289